**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **AMERICAN GENERAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 6:23-cv-00462** |
| | § | |
| **J.G. WENTWORTH S.S.C. LIMITED** | § | |
| **PARTNERSHIP, TASHA BOGART, and** | § | |
| **RAVEN BOGART,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S
<u>COMPLAINT IN INTERPLEADER</u>**

Plaintiff American General Life Insurance Company respectfully submits its Complaint

in Interpleader against Defendants J.G. Wentworth S.S.C. Limited Partnership, Tasha Bogart,

and Raven Bogart as follows:

<u>**PARTIES**</u>

1.      American General Life Insurance Company is an insurance company incorporated

in the State of Texas with its principal place of business located in Houston, Texas. American

General is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

2.      Upon information and belief, Tasha Bogart ("Tasha") is the daughter of Carl

Bogart, deceased, and is an individual residing in Harker Heights, Texas and may be served with

process at 210 E Valley Road, Harker Heights, Texas 76548, or wherever else she may be found.

Tasha is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

3.      Upon information and belief, Raven Bogart ("Raven") is the daughter of Carl

Bogart, deceased, and is an individual residing in Rydal, Georgia and may be served with

process at 577 East Valley Road, Rydal, Georgia 30171, or wherever else she may be found. Raven is a citizen of Georgia within the meaning and intent of 28 U.S.C. § 1332.

4.      Upon information and belief, J.G. Wentworth S.S.C. Limited Partnership ("JGW") is a Nevada limited partnership with its principal place of business in Chesterbrook, Pennsylvania. Upon information and belief, and based on a review of publicly available documents, JGW's partners are Orchard Acquisition Company, LLC (99.5%) and J.G. Wentworth Structured Settlement Funding II, LLC (0.5%). Orchard Acquisition is a Delaware limited liability company with its principal place of business in Chesterbrook, Pennsylvania. J.G. Wentworth Structured Settlement Funding II, LLC is a Nevada limited liability company with its principal place of business in Chesterbrook, Pennsylvania.

5.      Upon information and belief, and based on a review of publicly available documents, J.G. Wentworth Settlement Funding II, LLC is 100% owned by Orchard Acquisition Company, LLC. Orchard Acquisition Company, LLC is 100% owned by J.G. Wentworth, LLC, a Delaware limited liability company with its principal place of business in Chesterbrook, Pennsylvania.

6.      J.G. Wentworth, LLC is 100% owned by The J.G. Wentworth Company, LLC, a Delaware limited liability company with its principal place of business in Chesterbrook, Pennsylvania. The J.G. Wentworth Company, LLC is 19.38% owned by J.G.W. Holdings, Inc., a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania, .54% owned by JLL Associates GP V, LLC, a Delaware partnership/limited liability company with its principal place of business in Chesterbrook, Pennsylvania, and 80.08% owned by The J.G. Wentworth Company, a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania.

7.      JLL Associates GP V, LLC is owned by JLL Associates V, LP, a Delaware limited partnership with its principal place of business in New York, New York. The sole member of JLL Associates V, LP is Paul Levy, who is an individual domiciled in Palm Beach, Florida.

8.      For purposes of diversity jurisdiction within the meaning and intent of 28 U.S.C. § 1332, JGW is a citizen of Nevada, Delaware, New York, Florida, and Pennsylvania. *See Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 569 (2004) (A partnership "is a citizen of each State or foreign country of which any of its partners is a citizen."); *Carden v. Arkoma Associates*, 494 U.S. 185, 192–195, (1990). JGW may be served with process pursuant to Fed. R. Civ. P. 4(h).

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction under 28 U.S.C. § 1335 because the interpleader fund exceeds $500.00,[1] and two or more adverse claimants are of diverse citizenship, as set forth above.

10.     Venue is proper pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

11.     This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 2361, which provides that in any civil action of interpleader or in the nature of interpleader brought pursuant to 28 U.S.C. § 1335, a district court may issue process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding affecting the property.

---

[1] American General seeks to deposit the Disputed Payments (defined below), into the registry of the Court upon issuance of an order granting American General's Motion for Leave to Deposit Funds into the Registry of the Court, filed contemporaneously with this Complaint.

## FACTUAL BACKGROUND

12.     Effective December 1, 1988, American General, through its predecessor in interest,[2] issued annuity number 255741 (the "Annuity") in accordance with a Settlement Agreement and Release (the "Settlement Agreement") entered in compromise of claims arising in litigation styled *Carl W. Bogart II v. Samuel Diamond*, in the Surrogate's Court of Broome County, New York.

13.     American General was not a party to the Settlement Agreement or the litigation resolved by the Settlement Agreement.

14.     To fund its obligation to make certain payments under the Settlement Agreement, Indemnity Insurance Company of North America purchased the Annuity from American General. In accordance with the Settlement Agreement, the Annuity directs certain payments be made as follows:

- annual payments of $7,448.00 each, commencing December 1, 1989 through and including December 1, 2028, increasing 3% each December

(the "Annuity Payments").

15.     In June 2016, JGW filed a complaint against Carl Bogart, American General, and IICNA in the Court of Common Pleas of Philadelphia County, Pennsylvania seeking, in pertinent part, a declaration that JGW was entitled to certain Annuity Payments that it purportedly acquired through a purchase agreement between it and Mr. Bogart.

16.     Specifically, JGW alleged that it was entitled to annual payments of $16,062.29, commencing December 1, 2015 through and including December 1, 2028, increasing 3%

---

[2] American General Life Insurance Company is the successor-in-interest to Western National Life Insurance Company f/k/a AIG Annuity Insurance Company, successor to American General Annuity Insurance Company.

annually each December (the "Disputed Payments").[3] In light of JGW's claims, American General placed the Disputed Payments on hold beginning with the annual payment due on December 1, 2015.

17.     Upon information and belief, Mr. Bogart died on or about December 4, 2016. At the time of his death, the beneficiary of the Annuity was his estate.

18.     Following Mr. Bogart's death, JGW dismissed the Pennsylvania action and advised that it intended to institute an estate action in relation to Mr. Bogart in New York, New York, where Mr. Bogart lived at the time of his death, to continue pursuit of its claims.

19.     JGW requested that American General continue to hold the Disputed Payments while it proceeded with its enforcement attempts.

20.     Upon information and belief, no estate action was ever opened in relation to Mr. Bogart by either JGW or Mr. Bogart's distributees. Because no estate was ever opened, American General is unable to maintain an action against the Estate of Carl Bogart. *See Henson v. Estate of Crow,* 734 S.W.2d 648, 649 (Tex. 1987) ("The dispositive question before us is the holding of the trial court that the Estate of Bruce L. Crow was not a legal entity and cannot be sued as such. This holding is correct."); *Grosso v. Estate of Gershenson*, 33 A.D.3d 587 (2006) (quoting *100 W. 72nd St. Assocs. v. Murphy,* 144 Misc.2d 1036, 1040 ("An estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity.")).

21.     On or about April 25, 2023, Raven (Mr. Bogart's daughter) informed counsel for American General that she was making a claim to the Disputed Payments.

---

[3] The purchase agreement included additional prior payments that are not in dispute.

22.     On or about April 27, 2023, Tasha (Mr. Bogart's daughter) informed counsel for American General that she was making a claim to the Disputed Payments.

23.     American General has not been able to resolve the competing, adverse claims to the Disputed Payments and is unable to pay the Disputed Payments without being exposed to the risk of double or multiple liability.

24.     American General is obligated to administer the Annuity pursuant to its terms. American General, however, is unable to pay the Disputed Payments because of the multiple adverse, competing claims. American General therefore seeks the present interpleader relief to protect itself against the possibility of multiple liability for the Disputed Payments.

## <u>COUNT I – INTERPLEADER</u>

25.     American General incorporates herein by reference each of its allegations contained in the preceding paragraphs.

26.     American General is an innocent stakeholder seeking to interplead funds into the Court's registry to resolve conflicting claims and potential rights to the Disputed Payments.

27.     There is presently an actual, justifiable controversy among the Defendants as to who is entitled to the Disputed Payments.

28.     Unless these rival claims to the Disputed Payments are resolved in a single proceeding pursuant to an appropriate court order, American General is subject to multiple litigation and is at a substantial risk of suffering double liability and/or inconsistent rulings as to its liability for the Disputed Payments.

29.     American General neither has, nor claims, any interest in the Disputed Payments, which American General has, at all times, been willing to deliver to the person or persons entitled to same.

30.    American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General files this Complaint in Interpleader of its own free will to avoid multiple liability and unnecessary suits and costs.

31.    American General unconditionally offers to and is ready to deposit into the registry of the Court the held Disputed Payments and the remaining Disputed Payments, as they become due and payable under the schedule set forth in the Annuity. Alternatively, American General offers to deliver the held Disputed Payments and the remaining Disputed Payments, as they become due and payable under the schedule set forth in the Annuity, to the party or parties determined to be the appropriate payee(s) by this Court in a subsequent order.

32.    American General alleges that it is entitled to interpleader relief pursuant to 28 U.S.C. § 2361, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## REQUEST FOR RELIEF

WHEREFORE, American General requests that Defendants be cited to answer herein, interpleading their claims to the Disputed Payments, and therefore respectfully requests that the Court enter an Order:

a.   interpleading all claims to the Disputed Payments, which American General has unconditionally tendered to the Court, and directing American General to deposit the held Disputed Payments and the remaining Disputed Payments, as they become due under the schedule set forth in the Annuity, into the registry of the Court, or in the alternative, declaring which party is entitled to the Disputed Payments;

b.   enjoining and restraining Defendants from instituting or maintaining any action in any federal, state, or administrative forum against American General and its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees, officers, directors, principals, representatives, attorneys, and insurers relating to the Annuity, the Disputed Payments, or the facts made the basis of this action;

c.   releasing and discharging American General and its past, present, and future parents, subsidiaries, affiliates, successors, assignees, agents, producers, servants, employees,

officers, directors, principals, representatives, attorneys, and insurers from any and all further liability with respect to the Annuity, the Disputed Payments, or the facts made the basis of this action;

d.  awarding American General its costs and attorneys' fees in connection with this action, to be deducted from the held Disputed Payments prior to deposit with the Court or, alternatively, paid from the registry of the Court after deposit;

e.  dismissing American General from this action with prejudice; and

f.  such other and further relief to which American General may be justly entitled.

Dated: June 22, 2023                          Respectfully submitted,

By: */s/ Emily K. Felix*
Emily K. Felix
State Bar No. 24093777
E-mail: emily.felix@mhllp.com
Ryan A. Phipps
State Bar No. 24110222
E-mail: ryan.phipps@mhllp.com
MCDOWELL HETHERINGTON LLP
1000 Ballpark Way, Suite 209
Arlington, Texas 76011
Telephone: (817) 635-7300
Facsimile:  (817) 635-7308

*Attorneys for Plaintiff*
*American General Life Insurance Company*